**IT IS ORDERED as set forth below:**



**Date: February 18, 2014**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-95887 |
| | : | |
| KEITH EUGENE THOMAS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE SACCA |
| | : | |
| KEITH EUGENE THOMAS, | : | |
| | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING |
| | : | No. 11-5079-JRS |
| vs. | : | |
| | : | |
| BANK OF AMERICA HOME LOAN SERVICING LP and MCCALLA RAYMER, LLC, | : | |
| | : | |
| Defendants. | : | |

**ORDER ABSTAINING AND DISMISSING CASE**

The Plaintiff in this adversary proceeding was a Chapter 13 debtor whose case was dismissed by Order of the Court on April 6, 2011 [Docket No. 45].  In this adversary proceeding,

the Plaintiff asserts claims against the holder of a mortgage on his residence and the law firm that represented the mortgage lender. For the reasons set forth below, the Court shall abstain from hearing the claims asserted by the Plaintiff and dismiss this adversary proceeding.

Pursuant to 28 U.S.C. § 1334(c)(1), a court may permissively abstain from hearing a case under Title 11 where abstention is in the interests of justice or in the interest of comity with state courts or respect for state laws. Factors the Court may consider when deciding whether to abstain include:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention,
>
> (2) the extent to which state law issues predominate over bankruptcy issues,
>
> (3) the difficulty or unsettled nature of the applicable law,
>
> (4) the presence of a related proceeding in state court or other nonbankruptcy court,
>
> (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334,
>
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
>
> (7) the substance rather than form of an asserted 'core' proceeding,
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court,
>
> (9) the burden on the bankruptcy court's docket,
>
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
>
> (11) the existence of a right to a jury trial and
>
> (12) the presence in the proceeding of nondebtor parties.

*In re Tucson Estates Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990) (citing *In re Republic Reader's Serv. Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987)).

Debtor's Chapter 13 case has been dismissed. In the instant matter, the Court therefore

finds that the claims asserted by the Plaintiff are his personal claims and that his prosecution of the claims has nothing to do with, and will not affect, the administration of his bankruptcy case (wherein his case is already closed); that the claims do not arise under the Bankruptcy Code in view of the circumstances of this case; that the claims asserted by the Plaintiff are nonbankruptcy law claims and the Plaintiff has an alternative, nonbankruptcy forum in which he may assert any valid claims that he may have; and that it is not appropriate to devote the judicial resources of this Court to the Plaintiff's dispute with the lender that is now unrelated to the administration of the estate in this bankruptcy case or to the Plaintiff's discharge. Taking into account all of the circumstances, the Court concludes that abstention is warranted in the interests of justice.

It is, therefore,

ORDERED, pursuant to 28 U.S.C. § 1334(c)(1), that the Court hereby ABSTAINS from hearing the claims asserted by the Plaintiff in this adversary proceeding and that this adversary proceeding be, and the same hereby is, DISMISSED, WITHOUT PREJUDICE.

**END OF DOCUMENT**